# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| Ronald Pearl, derivatively on behalf of Flux Power Holdings, Inc., <br><br> Plaintiff <br><br> v. <br><br> Ronald F. Dutt, Charles A. Scheiwe, Michael Johnson, Mark Leposky, Dale T. Robinette, Lisa Walters-Hoffert, and Cheemin Bo-Linn, <br><br> Defendants <br><br> and Flux Power Holdings, Inc., <br><br> Nominal Defendant | Case No.: 2:25-cv-00042-JAD-NJK <br><br><br> **Order Granting Unopposed Motion to Transfer Venue, Vacating Hearing, and Closing Case** <br><br> [ECF No. 17] |

Ronald Pearl brings this shareholder-derivative suit against officers and directors of Flux Power Holdings, Inc., for fiduciary breaches, unjust enrichment, aiding and abetting, and insider trading. The defendants move to transfer this action to the Southern District of California, where Flux conducts most of its operations and the majority of the individual defendants reside, and to which a related suit that originated in this district was recently transferred.[1] The motion is unopposed and the deadline to respond to it has passed.

28 U.S.C. § 1406(a) authorizes district courts to transfer cases that have been brought in an improper venue to one "in which it could have been brought."[2] Generally, a judicial district is a proper venue for a civil action if it is one in which: (1) "any defendant resides, if all defendants

---

[1] ECF No. 17.

[2] 28 U.S.C. § 1406(a); *see also Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 842 (9th Cir. 1986) (noting that the decision to dismiss or transfer under § 1406(a) is within the district court's discretion).

are residents of the State in which the district is located;" or (2) "a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated . . . ."[3] If neither of those two bases apply, then venue is properly laid in "any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action."[4]

It is uncontested that Flux—a Nevada corporation—has its headquarters and principal place of business in Vista, California, and no offices in Nevada. No member of Flux's executive-management team lives in Nevada, and its corporate disclosures and SEC filings are drafted, approved, and issued in California.[5] I find that the defendants have demonstrated that this action could have been brought in the transferee forum and that the convenience of the parties and witnesses in the interests of justice favor transfer.

IT IS THEREFORE ORDERED that the defendants' motion to transfer venue **[ECF No. 17] is GRANTED**, and the **hearing on this motion scheduled for February 24, 2025, at 2 p.m. is VACATED. The Clerk of the Court is instructed to TRANSFER this case to the United States District Court for the Southern District of California and CLOSE THIS CASE.**

                                                                       _____
                                                                       U.S. District Judge Jennifer A. Dorsey
                                                                                   February 19, 2025

---

[3] 28 U.S.C. § 1391(b)(1)–(2).
[4] *Id.* at § 1391(b)(3).
[5] ECF No. 17-1 at 2, ¶¶ 3, 5.

2